HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY SNAPP,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED TRANSPORTATION UNION, et al.,<br><br>        Defendants. | CASE NO. C10-5577 RBL<br><br>ORDER ON SNAPP'S VA MEDICAL RECORDS |

THIS MATTER is before the Court on Defendant BNSF's Emergency Motion to Modify [Dkt. #102] the Court's Order [Dkt. #94] Compelling the Veterans Administration to produce Plaintiff Snapp's VA medical records. It is also before the Court on its own motion, in response to several *ex parte* calls from non-party VA about its refusal to produce the same, despite the Court's prior Order.

VA counsel directed the Court to 38 U.S.C. §7332(b)(2)(D) and, more recently, to 38 C.F.R. §1.493. The VA has not formally appeared or briefed the issue, but has said that it will require a Protective Order before it will comply with an unambiguous Court Order. This Order will hopefully assuage the VA's concerns, but in any event is intended to be the end of the

ORDER ON SNAPP'S VA MEDICAL RECORDS - 1

discussion on this topic. The Court, the parties, and certainly the VA, have more pressing matters to address.

As the parties and the Court well know, Snapp has throughout this litigation relied on a portion of his at-issue VA medical records—namely a letter produced by his VA doctor, Dr. Boudreau—to support his claim that he was ready, willing, and able to return to work. Snapp has obviously already obtained at least some of his records, but he has not consented to their disclosure. Snapp and BNSF could not agree on the terms of a protective order, and without one Snapp will not voluntarily produce the records himself. In any event, BNSF sought to obtain the records directly from the VA, instead.

As this Court has already determined, Snapp's VA (and other) medical records are **routinely discoverable** (and likely relevant, and perhaps admissible) under the Federal Rules of Civil Procedure, because he claims that he was disabled, and that he was, or soon would be, medically cleared to return to work, with a reasonable accommodation. Snapp—not BNSF, and certainly not the Court—has affirmatively put his medical records at issue; indeed, without at least some of them, he has no claim as a matter of law.

BNSF's counsel served a subpoena on the VA, and was told by VA attorney Ken Puimarta that that was not the proper method for obtaining the records. Puimarta told her that she instead needed to obtain a Court Order, and that if she did so, (most of) Snapp's records would be produced. BNSF moved for such an order, Snapp opposed it, and the Court Ordered the production. The VA has nevertheless informally—but tenaciously—refused to produce any of Snapp's medical records. The VA is apparently not persuaded that the Court properly considered the factors that it was required to consider. The Court has not apparently demonstrated to the VA's satisfaction that the records will be handled properly.

If, and to the extent, the VA has the legal ability to second-guess or otherwise reject the Court's Order, or to claim that it (and not the Court) is the arbiter of the sufficiency of the safeguards against "unauthorized use and disclosure" that this Court imposes as a matter of course in every case involving medical records—a dubious proposition, to say the least—the Court FINDS and ORDERS the following:

**1.** The requested VA medical records are **discoverable**, likely relevant, and potentially admissible. They are **vital** to the merits of this case, and therefore to the **timely, full and fair administration of justice**—a pursuit that is the core mission of this Court and is self-evidently **"in the public interest."** The Court accordingly finds that **good cause** exists to require the records' production. *See* 38 U.S.C. §7332(b)(2)(D). And the Court—not the VA—makes this determination.

**2.** The VA has had ample, more than adequate, **notice** of the request and need for the records; it has had two attorneys informally object to the Court's Order, and has demonstrably already been in contact with Snapp's (and BNSF's) counsel about the records and their production. Nevertheless, it has yet to **"file a written response"** or to **"appear in person"** to formally object to the Order, in the manner specified by the statute, the regulation, or the Civil or Local Rules. It has not provided any **"evidence"** demonstrating that BNSF (or the Court) has not met the "statutory or regulatory criteria" for the "issuance of the Order" that the Court has already issued. *See* 38 C.F.R. §1.493(b)(1) and (2). And the Court—not the VA—makes this determination.

**3.** Mr. Snapp's complete VA medical records are **not available from any other source**. The **public's interest** in the efficient, full and fair administration of justice, and notions of fundamental fairness, greatly **outweigh any risk** of injury to Mr. Snapp or his patient/doctor

ORDER ON SNAPP'S VA MEDICAL RECORDS - 3

relationship in requiring the production of all of the medical records that *he* has put at issue. This Court will not permit any litigant to selectively produce a portion of his medical records and to rely upon them to obtain a judgment, while simultaneously refusing to disclose (or to otherwise obstruct the production of) all of his discoverable medical records.  This is not uncharted territory, and this determination is not at all novel.  Furthermore, any potential risk to Snapp can be (and, as it routinely is in this Court, will be) mitigated. *See* 38 C.F.R. §1.493(d).  And the Court—not the VA—makes this determination.

**4.**  All of the requested (and subpoenaed, and previously Ordered-to-be-produced) VA medical records are **essential** to the fulfillment of the aims of this Order, which are described above.  The entity requesting the records and the information in them—the *defendant* in a case brought by Snapp, seeking a money judgment from it, based on a select portion of his medical records—has amply demonstrated its **good faith need** for them. *See* 38 C.F.R. §1.493(e).  And the Court—not the VA—makes this determination.

**5.**  BNSF will **limit the disclosure** of the subject VA medical records to BNSF's attorneys of record (including Ms. Lawless), its primary client contact(s), and its medical experts in this litigation.  All such recipients are prohibited—under sanction of contempt of Court—from further disseminating the records to anyone else, for any purpose. All Court filings that include, quote, characterize, or otherwise reference Snapp's VA medical records will be made **under seal**—a further Order of the Court seeking permission to do so is not required—and, at the end of the case[1], all copies of Snapp's VA medical records will be **shredded**.  Snapp's VA medical

---

[1] The "end of the case" in this context means after the final resolution any appeal of any judgment, and after the time for further appeal of any opinion or Order of the Ninth Circuit.  If there is no appeal, the records will be shredded after the Fed. R. Civ. P. 60 time limit has expired.

ORDER ON SNAPP'S VA MEDICAL RECORDS - 4

1  records in BNSF's possession or control will not be subject to a subpoena from any other person
2  or entity under any circumstances absent a **written Order of this Court** after written notice to
3  Snapp, and they will not be used for any purpose other than the efficient, fair, and just resolution
4  of this litigation.  These restrictions on the **unauthorized disclosure** of Snapp's VA medical
5  records are imposed in compliance with 38 U.S.C. §7332(b)(2)(D) and 38 C.F.R. §1.493(e), and
6  the Court finds them adequate.  And the Court—not the VA—makes this determination.

7      **6.**  Based on the Court's review of the various statutes and regulations, and the Civil
8  Rules, the VA will produce the records in searchable disc form to BNSF's counsel at its Seattle
9  office by the **end of business Friday, October 24, 2014.**  If it does not, for any reason other than
10 an exactly proper, timely, served and filed notice of (or Motion for) an interlocutory appeal to the
11 Court of Appeals, VA counsel and Mr. Puimarta will appear **IN PERSON** on Monday, October
12 27 at 11:00 a.m. and **SHOW CAUSE** why they should not be held in **CONTEMPT OF**
13 **COURT**, and sanctioned accordingly.

14     Except to the extent the Court's prior Order is in fact modified by this Order, BNSF's
15 Motion to Modify is DENIED.

16     IT IS SO ORDERED.

17     Dated this 21st day of October, 2014.

                                                RONALD B. LEIGHTON
                                                UNITED STATES DISTRICT JUDGE